393 A.2d 1060

**MONROEVILLE TIRE SERVICE, a division of Factory Tire Distributors, Inc., Appellant,**

**v.**

**William JESSUP and Frank Archer, Individually and trading and doing business as Allegheny Truck and Auto Sales, and Eugene L. Coon, Sheriff of Allegheny County, Appellees.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Nov. 8, 1978.

158

Michael E. Davis, Pittsburgh, for appellant.

No appearance entered nor brief submitted for appellees.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the denial of a petition and order of court in the Court of Common Pleas of Allegheny County, Civil Division at No. GD75–23717. The procedural history and facts relevant to the appeal are as follows:

Appellant, on May 7, 1975, instituted an action in assumpsit against appellees William Jessup and Frank Archer, individually and trading and doing business as Allegheny

Truck and Auto Sales in the amount of $285.34 plus interest from July 31, 1974 in the court of Magistrate John E. Watkins. A default judgment was entered and appellant recorded a transcript of said judgment in the Court of Common Pleas of Allegheny County on July 8, 1975. On July 15, 1975, appellant praeciped for a writ of execution at Ex. No. GD75–23717 and reissued said writ on December 2, 1975. Appellee Eugene L. Coon, Sheriff of Allegheny County was given this writ on December 3, 1975 to levy upon and sell appellees Jessup and Archers' personal property at 511 Washington Avenue, Dravosburg, Allegheny County, Pennsylvania. The levy was made on January 14, 1976 and the sheriff's sale scheduled for January 26, 1976, but it was subsequently postponed to and held on June 15, 1976. Appellant's attorney was the only bidder at said sale, bidding the amount of its court costs. Appellant was required, however, to pay its own court costs of $113.25 plus an additional $85.25, which represented court costs of another action, being *Hiller Trading Corporation v. Frank Archer and William Jessup,* trading as Allegheny Truck and Body Repair at No. 3809 of 1976. In that action, the writ of execution was delivered to the sheriff of Allegheny County on May 14, 1976. Levy was made on May 18, 1976, but no sale was ever held under that writ. Appellant recovered nothing as the result of the sale held on June 15, 1976.

On May 3, 1977, appellant petitioned the lower court to order appellee Eugene L. Coon, Sheriff, to refund to appellant all costs paid as court costs on writ of execution No. 3809 of 1976, the Hiller Trading case. Said petition was denied May 3, 1977. This appeal followed. Appellant contends that appellee Eugene L. Coon, as sheriff, may not require an executing plaintiff to pay at the sheriff's sale being conducted by said executing plaintiff, the court costs of another party who subsequently executes against the same property of the defendant.

P.R.C.P. 3138(a) entitled, "Sheriff's Expenses and Fees, Recovery of Costs, Abandonment of Writ for Non-Payment," provides:

"The plaintiff shall pay to the sheriff all costs, charges and expenses incident to the execution, the maintenance of the lien of the execution and the preservation of the property. These items shall be deemed taxable costs for refund to the plaintiff from the proceeds of any sale, except that the plaintiff shall not be entitled to recover the costs in connection with writs determined by the court to be unnecessary and oppressive."

Rule 3137(a) entitled "Priority of Distribution as Between Competing Plaintiffs," provides:

"When levies are made against the same personal property under two or more writs of separate plaintiffs, priority of distribution between them of the proceeds of a sheriff's sale thereof shall be determined by the time of delivery of their respective writs to the sheriff for execution."

Further, Rule 3133 entitled "Lien Creditor as Purchaser" reads:

"Whenever real or personal property sold on execution is purchased by the plaintiff or any other lien creditor entitled to receive all or part of the proceeds of the sale, the sheriff upon proof of that fact shall accept on account of the purchase price the receipt of the purchaser up to the amount of the proceeds to which he is entitled. The Sheriff may require payment in cash of all legal costs *distributable* from the proceeds of the sale." (Emphasis supplied)

Appellant, pursuant to Rule 3137(a), clearly has priority of distribution of the proceeds of the sale since his writ was delivered first in time to the sheriff's office. Here, however, the plaintiff in the Hiller Trading action did not bid at the sale in order to protect his interests. The only bidder, appellant herein, properly bid the amount of his own court costs. Consequently, based upon that bid, there were no further proceeds for distribution to the plaintiff in the Hiller Trading action. Therefore, pursuant to Rule 3133, the only legal costs "distributable" from the proceeds of the sale were those of the appellant's own action. To hold otherwise,

would be to require the appellant to bid an amount necessary to protect a subsequent execution plaintiff's interests, which is contra to the intent of the Pennsylvania Rules of Civil Procedure pertaining to execution proceedings.

Accordingly, the order of the lower court is reversed and Sheriff Eugene L. Coon is hereby ordered to remit the sum of $85.25 to appellant.

HOFFMAN, J., did not participate in the consideration or decision of this case.